## N. Y. SUPERIOR COURT.

### JOHN P. P. LATHROP agt. JOSHUA LATHROP.

*Use of firm name after dissolution of copartnership — use of the words "& Co." when there is no partnership.*

Where a copartnership is dissolved and no agreement made between the parties in regard to the good will, nor any restriction from going into the same business, or from using the former firm name, *Held*, that there was no reason why the defendant might not use the name of the old firm, where it properly designated also the name and style of his new firm as long as it existed.

Where the plaintiff sought to restrain, by injunction, the defendant, his former partner, from using the name of the old firm, "J. Lathrop & Co.," and also from the use of that name and style after the defendant had dissolved partnership with the new firm, and carried on business alone — the use of the words "& Co." being prohibited by statute:

*Held*, that the plaintiff was not entitled to the injunction to restrain the defendant from using the name of the old firm, before the dissolution of the new firm, and if the defendant had made himself liable to the penalty prescribed by the statute of 1833 by using the words "& Co." contrary to the statute, he could be proceeded against by an appropriate action under that statute, but it gave no authority for this action.

*Special Term, November,* 1873.

MOTION for an injunction: use of firm name after dissolution of copartnership: use the words "& Co." where there is no partnership.

VAN VORST, *J.*—On the dissolution of the copartnership existing between plaintiff and defendant, no agreement was made between the parties in regard to the good will. Neither was restricted from going into the same business, or from using the former firm name.

The plaintiff - after the dissolution established himself in business under his own name, and so continued until January 1, 1873, when he entered into partnership with another, under the style of "Lathrop & Engs."

The defendant, after the dissolution, formed a partnership with one Tisdale, and transacted business under the name of " J. Lathrop & Co." This was the style of the old firm. Yet I can see no valid reason why he might not do so. He was not prohibited by any covenant with his late partner from adopting such style.

In England when a dissolution of a partnership takes place and the property is divided, each partner, in the absence of an agreement to the contrary, may continue to use the partnership name (*Banks* agt. *Gilson*, 34 *Beav.*, 568 [*S. C.*], 11 *Jurist* [*N. S.*], 680).

Such rule does not exist to the same extent in this state. A firm name is the style which certain persons have adopted, under which as partners they do business.

Such style cannot survive the existence of the partnership. It certainly could not, under the circumstances, have been used by the plaintiff, as it would indicate the presence of the defendant as connected with the plaintiff's business, which was not the fact. Care, it seems, had been taken on the dissolution of the former firm to address letters to all its customers announcing the dissolution, and as far as defendant was concerned he notified them of the formation of his business connection with Tisdale.

The new firms might each fairly compete for the business of the old firm which had been given up.

It may be that the fact that the name of the defendant was prominent in the style of his new firm, as it was in the former, gave him some advantage. But that can afford no sufficient reason why he should be compelled to abandon its use.

About seven months after the defendant commenced to use the style of " J. Lathrop & Co.," to indicate his new

firm, plaintiff notified him that he would hold him liable for injury sustained by plaintiff, and benefits received by defendant.

This would seem to be an assertion of a right to damages in an action at law. Plaintiff says that he protested earlier against the use of such firm name by defendant, but this is denied by the defendant.

This is a motion for an injunction order restraining and enjoining the defendant from the further use of the firm name of "J. Lathrop & Co." until the determination of this action. The complaint in the action demanding as relief a perpetual injunction and restraint from the use of such firm name.

I cannot think that such injunction should now issue, and this although the defendant has dissolved his connection with Tisdale, and is actually engaged in business on his own account.

The act of April 29th, 1833, provides that when the designation "& Co." is used it shall represent an actual partner or partners. But it is also provided that any person offending against the provisions of the act shall be punished by a fine not exceeding $1,000.

The defendant may have made himself liable to such penalty in an appropriate action for such violation, but the act in question gives no authority for this action.

If the plaintiff on the hearing shall, for any reason, show himself entitled to the relief he demands he may then obtain it, but I do not think that the papers on this motion show a case so clear as to justify its issuance at this time.

Motion denied.